[No. 17743.　Department One.　October 18, 1923.]

## A. W. RIAL et al., Respondents, v. THE CITY OF YAKIMA et al., Appellants.[1]

APPEAL (387)—REVIEW—PARTIES ENTITLED TO ALLEGE ERROR—ESTOPPEL BY APPELLANT'S PROCEEDINGS. In a proceeding to enjoin the enforcement of an ordinance for the collection of a license fee, the state's answer, alleging that the ordinance has been repealed, shows that the plaintiff is not aggrieved, and it cannot appeal from that portion of the judgment enjoining enforcement of the ordinance.

MUNICIPAL CORPORATIONS (561)—TAXATION—REMEDIES—RESTRAINING COLLECTION OF OCCUPATION TAX—PLEADING—ANSWER — SUFFICIENCY. In a proceeding to enjoin the enforcement of an ordinance for the collection of a license fee, the state's answer, alleging that the ordinance has been repealed and a new ordinance enacted for the collection of the tax as a revenue measure, states a good defense to the complaint, and it is error to sustain a demurrer thereto.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered October 24, 1922, enjoining the enforcement of city ordinances for the collection of a license or occupation tax, upon sustaining a demurrer to the answer. Reversed.

*Thomas E. Grady,* for appellants.

*McAulay & Meigs* and *O. Sandvig,* for respondents.

MITCHELL, J.—The legislature of 1919 enacted a law providing, among other things, for the licensing of persons, firms and corporations engaged in the business of installing wires to carry electric current, or electric apparatus to be operated by such current, in cities of the first, second and third classes. Laws of 1919, ch. 204, p. 716 (Rem. Comp. Stat., §§ 8307-8312) [P. C. §§ 2369-1, 2369-6].

In January, 1922, Yakima, a city of the second class, passed an ordinance, number A-631, regulating the in-

[1] Reported in 219 Pac. 1.

stallation of electrical wires, apparatus and appliances in buildings within the city. Section 2 of the ordinance provided that no person, firm, company or corporation shall engage in the erection, construction, alteration or change of any electrical work or wiring unless he or it paid to the city treasurer the sum of $200, annual license fee, in advance. The several plaintiffs herein, for a number of years prior to the passage of the ordinance, had been, and at the time of the commencement of this action, in August, 1922, were residents of Yakima and engaged in the business of erecting, constructing, altering and changing of electrical work and wiring within the city of Yakima, being duly licensed to do so by the state, under Laws of 1919, *supra.*.

The complaint setting up these facts further alleged that the city authorities had threatened and were threatening to compel each of the plaintiffs to pay a license fee of $200, or prevent them from engaging in their business and the carrying out of contracts already made by them, to their great and irreparable injury; and that the license fee of $200 provided for by the ordinance is violative of certain enumerated constitutional rights of theirs, and in conflict with the state license law of 1919; wherefore they prayed that the city and its authorities be permanently enjoined from enforcing the ordinance.

Omitting any consideration of intermediate proceedings in the case, as being unnecessary for the purpose of the appeal, the defendants, by their answer, interposed an affirmative defense to the complaint on September 11, 1922, alleging that, on that day, the city had passed and published, and hence made effective, an ordinance, No. A-692, containing an emergency clause, and averring that, as shown upon the face of and by the terms of the ordinance, it specifically repealed § 2 of ordinance No. A-631 against the enforcement of

which the complaint was filed. The answer further stated that the new ordinance which provides for an annual charge of $200 was passed for the purpose of revenue.

A demurrer to the affirmative answer was sustained; and the city and its officers, the defendants in the cause, electing to stand upon their pleading, have appealed from that part of the judgment entered which permanently enjoined the city and its officers from collecting or attempting to collect the annual license fee or charge provided for in ordinance No. A-631, and, also, that provided for in ordinance No. A692; and further permanently enjoined them from in any manner whatsoever interfering with or preventing the plaintiffs from engaging in their business of installing, constructing, repairing or changing electrical wires, appliances or apparatus within the city.

The theory of the complaint was that the respondents were entitled to carry on their business in the city under licenses granted to them by the state, irrespective of the provisions of § 2 of ordinance No. A-631, requiring the payment of the $200 license fee; and clearly the appellants have admitted that view, if it be true, as alleged in the answer, that the city by its new ordinance repealed that section of the old one which provided for the license fee. Again, if it be true, as alleged in the answer, that the city, by its new ordinance, repealed that section of the old one which provided for a license fee, then the appellants cannot be aggrieved at that portion of the judgment which enjoins the collection of it. It appears, therefore, that the only real controversy on the appeal relates to that portion of the judgment which enjoins the enforcement of ordinance No. A-692.

There is a marked difference between a regulatory law providing for a license fee, and a law that pre-

scribes an occupation tax for revenue purposes. The appellants by their answer have said that the city had repealed the law imposing the fee for a license to do business, and has enacted an ordinance imposing an occupation tax for revenue. Whether or not the new ordinance is a valid one as a revenue measure we are not called upon to decide. It is sufficient to notice and we can go no further than to observe that, by the allegations of the appellants' answer, that the new ordinance is a revenue one, they thereby deny that it provides for a license fee, and hence answers the complaint that the city was attempting without power to interfere by a license fee with the respondents' rights to engage in the kind of business the state had licensed them to do. That is, appellants answered that the city is no longer insisting upon a license fee—its ordinance provision to that effect having been repealed. There is no saving clause in the new ordinance, and the repeal by it of the license fee, mentioned in § 2 of the old ordinance, had the effect of blotting it out as completely as if it had never existed and of putting an end to all proceedings under it. 36 Cyc. 1224. It is a case for the application of the general rule that:

".  .  .  . the repeal of a statute without any reservation takes away all remedies given by the repealed statute and defeats all actions pending under it at the time of its repeal." 36 Cyc. 1228.

The judgment is reversed, and the cause remanded with directions to overrule the demurrer to the affirmative answer.

MAIN, C. J., MACKINTOSH, HOLCOMB, and BRIDGES, JJ., concur.